**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mamadou Balde,<br>Individually, and on behalf of all others similarly situated,<br><br><br>                                        Plaintiff,<br><br>          -v-<br><br>Town Sports International, LLC,<br><br>                                   Defendant. | **Civ. Action #:**<br><br>**COMPLAINT**<br>**(Collective and Class Action)**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Mamadou Balde ("Plaintiff," or "Balde"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant Town Sports International, LLC ("Defendant" or "Town Sports"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab.

Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3.  Plaintiff also alleges pursuant to the Fed. R. Civ. Proc. 23, on behalf of himself and a class of other similarly-situated current and former employees who were employed by Defendant pursuant to the New York Labor Law ("NYLL") that he and they are: (i) entitled to unpaid non-overtime wages and wage deductions from Defendant for not being paid their hourly rate for each and all non-overtime hours worked; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 190 et seq., including NYLL § 198, and the regulations thereunder.

4.  Plaintiff further complains under Fed. R. Civ. Proc. 23, on behalf of himself and a class of other similarly-situated current and former employees who were employed by Defendant as manual workers, within the six-year period preceding the filing of this action to the date of disposition of this action, that he and they: 1) were employed by Defendant within the State of New York as manual workers; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendant from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

5.  Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

6.  Plaintiff is also entitled to recover his unpaid wages including his non-overtime wages, and sovertime wages, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

8.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

9.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

10. Plaintiff Mamadou Balde ("Plaintiff" or "Balde") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

11. Upon information and belief and at all times relevant herein, Defendant Town Sportss International, LLC ("Town Sports" or "Defendant") was a New York for-profit Limited liability company with several locations including in New York City. See http://investor.mysportsclubs.com/

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of operating fitness and sports clubs.

13. At all times relevant herein, Defendant employed over 100 employees during the class period across several locations.

14. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from in or around late August 2017 until on or about January 17, 2018.

15. At all times relevant herein, Plaintiff was paid at a regular rate of about $11 an hour.

16. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker performing all manual, physical and repetitive tasks within the capacity including walking and handling/carrying and handing out brochures throughout his workday.

17. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff was employed by Defendant, Plaintiff worked at least 45 or more hours each week for Defendants – up to 11 hours a day sometimes, 5 days a week.

18. At all times relevant herein, Plaintiff was not paid all non-overtime and overtime wages for each and all hours worked in a week for each and all weeks during his employment with Defendant – Defendant had a policy and practice of automatically deducting from the wages of Plaintiff, the equivalent of 1 hour of pay each day for lunch breaks even though at all times relevant herein, due to the demands of his job, Plaintiff only took a lunch break of 15-30 minutes daily, and sometimes did not take a lunch/meal break.

19. At all times relevant herein, Defendant failed to pay Plaintiff at a rate of at least the applicable federal and New York minimum wage rate for each and all hours worked in a week, for each week during his employment with Defendant – Plaintiff was not paid any wages including his unpaid overtime wages for work he performed for Defendant from January 1, 2018 to on or about January 17, 2018.

20. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

21. Upon information and belief, Defendant failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

22. At all times relevant herein, Defendant failed to pay Plaintiff and the putative class members

for each and all non-overtime hours worked in violation of Article 6 of the NYLL.

23. Plaintiff's hours worked and wages paid will be refined after Defendant produces employment, time and wage records it was required to keep under the FLSA and NYLL.

24. Plaintiff incorporates herein, <u>accurate</u> records of her time, wages and employment that Defendant was required to keep pursuant to the FLSA and NYLL.

25. At all times relevant herein, Defendant paid Plaintiff and the putative class members on a biweekly basis in violation of NYLL 191 (1)(a)(i).

26. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL § 195(1).

27. At all times relevant herein, Defendant not provide Plaintiff with the statement(s) required by NYLL § 195(3) – the wage statements provided to Plaintiff did not state the hours worked in each weekly pay period, among other deficiencies.

28. At all times relevant herein, the violations complained of by Plaintiff, also applied to the putative class members.

29. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

30. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York.

31. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendant utilized the goods,

materials, and services through interstate commerce such as sporting and fitness equipment and supplies.

33. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

34. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

35. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

36. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

37. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

38. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

39. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.**

40. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

42. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

43. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees[1] of Defendant, and who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

44. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

45. The class definition will be refined as is necessary, including after discovery if necessary.

46. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

47. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 206, 207(a).

48. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

---

[1] Hourly employees are employees who are paid at least in part hourly, even if they also receive commissions or other forms of payment.

49. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

50. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, at least the applicable federal (FLSA) minimum wage rate for each and all hours worked in a week, in violation of 29 U.S.C. § 206.

### Relief Demanded

51. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

52. Due to Defendant's FLSA violations, Plaintiff, is entitled to recover from Defendant, his unpaid minimum wages, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

53. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 49 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

54. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

55. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant, who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within

at least the six-year period, preceding the filing of this complaint; and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

56. The class definition will be refined as is necessary, including after discovery if necessary.

57. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

58. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

59. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

60. Upon information and belief, the claims of the representative party are typical of the claims of the class.

61. The representative party will fairly and adequately protect the interests of the class.

62. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least 1.5 times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

64. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

65. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

66. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

## Relief Demanded

67. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unpaid Non-Overtime and Overtime Wages - Article 6 of the NYLL)

68. Plaintiff alleges on behalf of himself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 66 above as if set forth fully and at length herein.

69. The class of similarly-situated individuals as to the Article 6 (NYLL 190 et Seq.) cause of action under the NYLL is defined as current and former hourly employees of Defendant, who: 1) were employed by Defendant within the State of New York, within at least the six-year period, preceding the filing of this complaint; and 2) were not paid for all hours worked

in a week – including non-overtime and overtime hours, for some of all weeks during their employment with Defendant as also explained above.

70. The class definition will be refined as is necessary, including after discovery if necessary.

71. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

72. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

73. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid for each and all hours worked in each week during their employment with Defendant.

74. Upon information and belief, the claims of the representative party are typical of the claims of the class.

75. The representative party will fairly and adequately protect the interests of the class.

76. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

77. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members for each and all hours worked in each week during their employment with Defendant.

78. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

79. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651, and NYLL 190.

80. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, for each and all hours worked in each week during their employment with Defendant in violation of Article 6 of the New York Labor Law.

### Relief Demanded

81. Due to Defendant's Article 6 violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid wages (non-overtime and overtime wages), maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL § 191, 198 - Untimely Wage Payments)

82. Plaintiff alleges on behalf of herself and all others similarly-situated and incorporates by reference the allegations in paragraphs 1 through 81 above.

83. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

84. The class definition will be refined as is necessary, including after discovery if necessary.

85. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

86. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

87. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

88. Upon information and belief, the claims of the representative party are typical of the claims of the class.

89. The representative party will fairly and adequately protect the interests of the class.

90. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

91. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a)  Whether, Defendant failed and/or refused to pay the Plaintiffs and the putative class members their wages weekly, as required by NYLL § 191(1)(a)(i).

92. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate Defendant and in light of the large number of putative class members.

93. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 191(1)(a) and the regulations thereunder.

94. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191(1)(a)(i).

### Relief Demanded

95. Due to Defendant's NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

96. Plaintiff alleges on behalf of himself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 93 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

97. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

98. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

99. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours

worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

100. The class definition will be refined as is necessary, including after discovery if necessary.

101. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

102. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

103. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

104. Upon information and belief, the claims of the representative party are typical of the claims of the class.

105. The representative party will fairly and adequately protect the interests of the class.

106. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

107. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

108. A class action is superior to other available methods for the fair and efficient adjudication

of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

109. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

110. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

111. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

**Relief Demanded**

112. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

113. Plaintiff alleges and incorporates each and every allegation contained in paragraph through 112 above with the same force and effect as if fully set forth at length herein.

114. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

115. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid non-overtime wages and overtime wages, as laid out above, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

### Relief Demanded

116. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid overtime wages and non-overtime wages, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

117. Declare Defendant (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff and those similarly-situated, under the FLSA and New York Labor Law – 12 NYCRR § 142 and enjoin Defendant from engaging in such violations.

118. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, and award Plaintiff his unpaid minimum wages under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

119. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum

liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

120. As to the **Third Cause of Action**, award of Plaintiff and those similarly situated as class members, their unpaid wages (non-overtime and overtime wages), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

121.  As to the **Fourth Cause of Action**, order Defendant to pay Plaintiff and the class, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, interest, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198;

122. As to the **Fifth Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

123. As to the **Sixth Cause of Action**, award of Plaintiff his entire unpaid wages, including his unpaid non-overtime and overtime wages, and minimum wages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

124. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

125. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
    **February 19, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

18

/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*