# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

**Abdul K. Hassan, Esq.**
Email: abdul@abdulhassan.com
*Employment and Labor Lawyer*

Tel: 718-740-1000
Fax: 718-740-2000
Web: www.abdulhassan.com

September 22, 2018

**Via ECF**

Hon. Paul G. Gardephe, USDJ
United States District Court, SDNY
40 Foley Square, Courtroom 705
New York, NY 10007
Tel: 212-805-0224
Fax: 212-805-7986

**MEMO ENDORSED**

The parties' settlement agreement is approved by the Court.

SO ORDERED:

*Paul G. Gardephe* (signature)
Paul G. Gardephe, U.S.D.J.
May 2, 2019

<u>Re: Mamadou Balde v. Town Sports International, LLC</u>
Case No. 18-CV-01467(PGG)(KNF)
**Motion for Settlement Approval**

Dear Judge Gardephe:

My firm represents plaintiff Mamdou Balde ("Plaintiff" or "Balde") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Defendant Town Sports International, LLC ("Defendant"), and Plaintiff, both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully-executed copy will be submitted when Defendant signs, which we expect to be shortly.

The claims are more fully set forth in the complaint. (See ECF No. 1). In essence however, Plaintiff brought claims for unpaid wages under the FLSA and NYLL. In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. It is Defendant's position that Plaintiff is not owed any wages.

Based on the allegations in the complaint is also owed unpaid minimum wages for the last two weeks of his employment of approximately $13.00/hr. x 40hrs/wk x 2wks = $1,040. Plaintiff is also owed unpaid overtime wages for 2017 of approximately $16.50/hr x 5hrs/wk x 20wks = $1,650. Plaintiff is also owed spread of hours wages for 2017 of approximately $11/day

1

x 2days/wk x 20wks = $440. Plaintiff is owed unpaid overtime wages for 2018 of approximately $19.50/hr x 5hrs/wk x 3wks = $292.50. Plaintiff is also owed spread of hours wages for 2018 of approximately $13/day x 2days/wk x 3wks = $78.

We have total unpaid wages of approximately $3,500.50. If Defendant proves that it acted in good faith, it may be able to avoid liquidated damages including on the manual worker claim for untimely wage payments. Once again, Defendant denies Plaintiff's allegations that he is owed wages.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Under the settlement Plaintiff is due to receive $6,358 after a 1/3 contingency fee and costs. (Ex. 1, ¶ 1.1(a-b)).

Under the settlement, Plaintiff's counsel is receiving a 1/3 contingency fee of $3,179 after reimbursement of $463 in costs. (Ex. 1 ¶ 1.1(c))[1].

The hourly fees far exceed the 1/3 fee Plaintiff's counsel is due to receive. However, plaintiff's counsel has agreed to take a far lesser 1/3 fee in order to facilitate settlement. Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Medina v. Arqenta Inc.* Case No. 17-CV-08309, ECF No. 17, (Judge Gardephe – SDNY June 4, 2018); *Guillen v. 1234 Shakespeare Realty LLC et al*, Case No. 17-cv-00862, ECF No. 33, (Judge Gardephe – SDNY January 29, 2018); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

2

basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY)(1/3 fee of $10,648); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff may receive a lot less. Second, the amount Plaintiff is due to receive under the settlement, exceeds the amount of FLSA-protected wages Plaintiff is claiming. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is kindly requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

cc:   **Defense Counsel via ECF**

3